UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:11-CR-147 |
| | ) | |
| JOHN M. BALES, II, *et al.*, | ) | |

OPINION AND ORDER

*A. The Motion to Dismiss Counts 4-14*

The defendants, John Bales, II and William Spencer, have filed a second motion to dismiss Counts 4-14 of the indictment under Fed. R. Crim. P 12(b)(3)(B), contending that an omission, nondisclosure, and/or silence, without a legal duty or acts of active concealment, doesn't constitute an act of criminal fraud within the scope of 18 U.S.C. §§ 1341 and 1343, and that the government hasn't alleged "active concealment" (*i.e.,* "deceptive acts or contrivances intended to hide information, mislead, avoid suspicion, or avert further inquiry into a material matter"). Citing United States v. Steffen, 687 F.3d 1104 (8th Cir. 2012).

"Challenging an indictment is not a means of testing the strength or weakness of the government's case, or the sufficiency of the government's evidence." United States v. Moore, 563 F.3d 583, 586 (7th Cir. 2009)(quoting United States v. Todd, 446 F.3d 1062, 1067 (10th Cir. 2006)). An indictment is sufficient if it states the elements of the offense charged, fairly informs the defendants of the nature of the charge against them, so they can prepare a

defense, and enables the defendants to plead an acquittal or conviction as a bar against any future prosecutions for the same offense. Id.; United States v. Castaldi, 547 F.3d 699, 703 (7th Cir. 2008); United States v. Yoon, 128 F.3d 515, 521 (7th Cir. 1997). The indictment needn't provide an exhaustive description of the factual basis for the offenses charged or a detailed explanation of the elements of each offense. United States v. Bates, 96 F.3d 964, 970 (7th Cir. 1996). The court must accept the allegations as true when evaluating an indictment's sufficiency, and must view all facts in the light most favorable to the government. United States v. Moore, 563 F.3d at 586; United States v. Yashar, 166 F.3d 873, 880 (7th Cir. 1999).

The indictment in this case does not allege silence in the face of a duty arising only under contract, as in United States v. Steffen, 687 F.3d 1104 (8th Cir. 2012). The indictment alleges, at the very least, the aiding and abetting of misrepresentations designed to conceal the alleged scheme to defraud. Whether the government will be able to prove those things at trial remains to be seen, but that isn't the issue on a motion to dismiss. The indictment identifies the elements of the crime charged and informs the defendants of what they are charged with sufficiently to allow them to prepare a defense, and does so with sufficient specificity to allow them to raise an acquittal as a bar to later prosecution for the same offense; the law requires nothing more of an indictment. United States v. Stallworth, 656 F.3d 721, 730 (7th Cir. 2011); United States v. Fassnacht, 332

F.3d 440, 444-445 (7th Cir. 2003). Accordingly, the court denies the motion to dismiss Counts 4-14.

*B. Objections to Statements Offered Under Fed. R. Evid. 801(d)(2)(E)*

The in-court ruling stands without change. Re-examination of the statements called "idle chatter" by the defendants discloses that those statements constitute exchanges of information in furtherance of the conspiracy.

*C. Defendants' Fourth Motion in Limine*

The court denies the defendants' motion in limine with respect to personal financial statements. The court agrees with the defendants that evidence of wealth often carries a risk that the jury will decide the case on an improper basis. But as to two of the financial statements, the government has articulated strong theories of relevance such that the risk of unfair prejudice doesn't approach the probative value of the evidence. If the government seeks to introduce any other financial statement, ordinary trial procedures will accommodate argument and decision outside the jury's hearing or presence.

*D. Conclusions*

For the foregoing reasons, the court DENIES the defendants' motion to dismiss Counts 4-14 of the indictment [Doc. No. 137] and the defendants' fourth motion in limine [Doc. No. 160].

SO ORDERED.

ENTERED:   January 18, 2013

        /s/ Robert L. Miller, Jr.
Judge
United States District Court